**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

KATORIA DEVELOPMENT GROUP, LLC,

Plaintiff,

v. CIVIL ACTION NO. 2:26-cv-00437

ENCOVA MUTUAL INSURANCE GROUP, INC., et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is Plaintiff's Motion to Remand to the Circuit Court of Kanawha County, [ECF No. 8]. Two of the three Defendants responded in opposition, [ECF No. 10], and Plaintiff replied, [ECF No. 11]. For the reasons that follow, the Motion to Remand, [ECF No. 8], is **GRANTED**, and attorneys' fees are **AWARDED**.

## I. BACKGROUND

This case is a dispute over the coverage of an insurance policy. On June 26, 2026, Plaintiff Katoria Development Group, LLC ("Katoria") filed a complaint in the Circuit Court of Kanawha County, West Virginia, naming Encova Mutual Insurance Group, Inc. ("Encova") and Motorists Commerial Mutual Insurance Group, Inc. ("Motorists Mutual") as well as individual defendant Seth Pettry. [ECF No. 1-1]. According to the Complaint, Katoria owned a warehouse, leased it to Cavalier Meats, LLC, and insured it for a little more than $2 million through Encova and Motorists Mutual (collectively "Insurance Defendants") with the assistance of commercial lines underwriter Defendant Seth Pettry. [ECF No. 1-1, ¶¶ 9–29].

The Complaint alleges that Katoria is a limited liability company ("LLC") with its principal place of business in West Virginia.[1] [ECF No. 1-1, ¶ 1]. Defendants Encova and Motorists Mutual are Ohio corporations. *Id.* ¶¶ 2–3. Defendant Seth Pettry is a citizen of West Virginia. *Id.* ¶ 4.

On or around August 11, 2025, vandals broke into the warehouse and caused over $2 million of damage, which Katoria alleges is covered by its insurance policy. *Id.* ¶¶ 30–31. The Insurance Defendants denied Katoria's claim under the policy. *Id.* ¶ 33. Katoria now seeks declaratory judgment on its policy as well as *Hayseeds*[2] damages and brings claims for (1) breach of contract, (2) violation of the West Virginia Unfair Trade Practices Act, and (3) negligence. *Id.* ¶¶ 45–51, 58–75.

Less than a week after the Complaint was filed, the Insurance Defendants removed this case to federal district court. [ECF No. 1] (Notice of Removal). They assert that because complete diversity between Plaintiff and the Insurance Defendants exists, this court has original jurisdiction. *Id.* Specifically, Plaintiff is a citizen of West Virginia while the Insurance Defendants are citizens

---

[1] In its Complaint, originally filed in state court, Katoria alleges it is a citizen of West Virginia because its principal place of business is in Nitro, West Virginia. [ECF No. 1-1, ¶ 1]. That standard, principal place of business, determines the citizenship of *corporations* not LLCs. For diversity analysis in federal court, this is insufficient. Removal only compounded the error. The Insurance Defendants' Notice of Removal, [ECF No. 1, at 2], uses the same wrong citizenship analysis for Plaintiff. "[A] *corporation* shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 94 (2005) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis added). As alleged, Plaintiff Katoria Development Group, LLC is an LLC—not a corporation. *See Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 121 (4th Cir. 2004) ("A limited liability company organized under the laws of a state is not a corporation and cannot be treated as such under section 1332 until Congress says otherwise."); *see also Carden v. Arkoma Assocs.*, 494 U.S. 185, 189 (1990) (The Court has "firmly resisted extending" the corporation citizenship analysis to "other entities."); [ECF No. 1-1]. For purposes of complete diversity, an LLC's citizenship is the citizenship of its members. *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("[T]he citizenship of a limited liability company . . . is determined by the citizenship of all of its members").

To ensure itself of jurisdiction, the court identified the deficiency and ordered Defendants to show cause why the case should not be remanded to the circuit court on the basis of Katoria's citizenship as an LLC. [ECF No. 15]. The Defendants responded and identified at least one member of Katoria who is a citizen of West Virginia. [ECF No. 16, at 2]. Because the citizenship of an LLC is determined by the citizenship of its members, the court finds that, as alleged, Katoria's citizenship, at the least, includes West Virginia. Now, the court is assured that Katoria's citizenship lies in West Virginia for the purposes of diversity jurisdiction.

[2] *Hayseeds, Inc. v. State Farm Fire & Cas.*, 177 W. Va. 323, 352 S.E.2d 73 (1986).

of Ohio, and the amount in controversy is greater than $75,000. *Id.* at 3. None of this is disputed by the parties. *See* [ECF No. 1-1].

The disagreement arises over the third defendant, Defendant Seth Pettry. As alleged, Pettry is a West Virginia citizen. [ECF No. 1-1, ¶ 4]. This, by law and as explained later, extinguishes diversity among the adverse parties as Defendant Pettry and Plaintiff Katoria are both citizens of West Virgina. But at the time of removal, Pettry had not yet been properly served. [ECF no. 1, at 2–3]. A copy of the summons and complaint were left "with a security guard at his place of work while he was not in the office." *Id.* The guard was not an Encova employee, not authorized to accept service on Pettry's behalf, and the copies were not personally delivered to Pettry. *Id.* at 3. The Insurance Defendants argue that removal—at the time of removal—was proper because the non-diverse defendant, Pettry, was not properly served. [ECF Nos. 1, 10]. Plaintiff now moves to remand back to the state court. [ECF No. 8].

## II. LEGAL STANDARD

District courts are courts of limited jurisdiction. *Badgerow v. Walters*, 596 U.S. 1, 7 (2022). "The types of cases and categories of claims federal courts may hear are listed in Article III § 2 of the United States Constitution and various federal jurisdictional statutes." *ColonialWebb Contractors Co. v. Hill Phoenix, Inc.*, 175 F.4th 253, 259 (4th Cir. 2026); *see also Badgerow*, 596 U.S. at 7. Article III states that the judicial power of federal courts extends to all cases between "Citizens of different States." U.S. Const. art. III § 2. Federal law further narrows that category of cases. 28 U.S.C. § 1332 provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." *See Badgerow*, 596 U.S. at 7 ("District

courts have power to decide diversity cases—suits between citizens of different States as to any matter valued at more than $75,000.").

Aside from filing a case first in federal court, a defendant may remove a state court case to the federal district court. 28 U.S.C. § 1441(a). The same statute, however, precludes removal "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This is known as "the forum defendant rule." *Phillips Construction, LLC v. Daniels Law Firm, PLLC*, 93 F. Supp. 3d 544, 548 (S.D. W. Va. 2015) (Johnston, J.). And if a case is improperly removed, a plaintiff may move to remand the case back to the state court. 28 U.S.C. § 1447(c).

## III. DISCUSSION

Plaintiff moves for remand, [ECF No. 8], because there is no complete diversity between Plaintiff and Defendants. I agree. Plaintiff further moves for an award of attorneys' fees and costs, arising from removal, because the Insurance Defendants lacked an objectively reasonable basis to remove this case. On that, I agree as well.

### A. Motion to Remand

The question here is a simple one of diversity jurisdiction.[3] Plaintiff Katoria is a citizen of West Virgina and Defendant Seth Pettry is a citizen of West Virginia. The adverse parties are not citizens of different states. Accordingly, there has never been, nor is there now, complete diversity.

Begin with the Complaint. [ECF No. 1-1]. It clearly alleges that Pettry is a West Virginia citizen. *Id.* ¶ 4. It also alleges his facilitation of Plaintiff's insurance policy as a commercial lines

[3] The parties agree that the claimed damages of more than $2 million (the denied policy amount) satisfies the amount-in-controversy requirement of more than $75,000. 28 U.S.C. § 1332. Further, the Complaint does not allege any federal claim or implicate any federal policy for this court to exercise federal question jurisdiction. [ECF No. 1-1]. Therefore, the only question is whether the Plaintiff and Defendants are completely diverse such that the court may exercise diversity jurisdiction.

underwriter for Defendant Encova, *id.* ¶¶ 12, 14–17, 20–23, 25, 27, and the Complaint alleges two counts against Pettry. *Id.* ¶¶ 58–62, 66–75 (violation of the West Virginia Unfair Trade Practices Act and Negligence). The face of the Complaint then obviously alleges non-diverse parties. *Wyatt v. Charleston Area Med. Ctr., Inc.*, 651 F. Supp. 2d 492, 496 (S.D. W. Va. 2009) (Goodwin, J.) ("'Diversity jurisdiction is typically determined from the face of the plaintiff's well-pled complaint.'" (quoting *Ashworth v. Albers Med., Inc.*, 395 F. Supp. 2d 395, 402 (S.D. W. Va. 2005) (Copenhaver, J.)).

But the Insurance Defendants ask this court to look past the diversity as alleged in the Complaint and instead only consider the Defendants "properly joined and served" at the time of removal. [ECF Nos. 1, 10]. Recall that the forum defendant rule precludes removal if any "properly joined and served" defendant is a citizen of the state where the action is brought. 28 U.S.C. § 1441(b)(2). Here, the Insurance Defendants removed the action when Defendant Pettry, the forum defendant, had not been properly served. [ECF No. 1, at 2–3]. This, the Insurance Defendants argue, effectively locks in the diversity of the parties, keeps Pettry out of the action, and gives this court jurisdiction. Not so.

The forum defendant rule reads in full: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). As explained, the Insurance Defendants focus on the latter service and joinder half. But the first half of the statute considers only civil actions that are "otherwise removable solely on the basis of" diversity jurisdiction (section 1332(a)). Therefore, the question the court must ask is whether this case was removable on the basis of diversity jurisdiction.

In fact, this court considered almost identical facts in *Cook v. Bob Evans Farms, Inc.*, No. 2:11-cv-01017, 2012 WL 407261 (S.D. W. Va. Feb. 8, 2012) (Goodwin, J.). In that case, the plaintiff (West Virginia citizen) filed a complaint in West Virginia state court against a corporate defendant (Ohio citizen) and an individual defendant (West Virginia citizen). *Cook*, 2012 WL 407261, at *1. The non-resident corporate defendant removed the action to federal court before the resident individual defendant was served with process. *Id.* at *2. In its notice of removal, the defendant asserted that removal was proper under diversity jurisdiction because it was the only "properly served" defendant. *Id.* Nonetheless, I held that the "fact that [the individual defendant] had not been served when the case was removed does not bear on the court's analysis of the existence of complete diversity."[4] *Id.* After considering how courts have applied the forum defendant rule—sometimes literally, other times not—I wrote:

> The facts of the instant suit present a different scenario: a West Virginia plaintiff, a West Virginia defendant who was not served at the time of removal, and an out-of-state defendant. No complete diversity existed at the time of removal.. . . Here, without complete diversity, the court does not reach the forum defendant rule . . . Judge Copenhaver [stated]: "A non-resident defendant cannot remove an action if the citizenship of any codefendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant."

*Id.* at *4 (quoting *Justice v. Branch Banking & Tr. Co.*, No. 2:08-cv-00230, 2009 WL 853993, at *5 (S.D. W. Va. Mar. 24, 2009)). *See also McDonald v. Altice Tech. Servs. US Corp.*, No. 2:19-cv-00784, 2020 WL 5665795, at *7 n.6 (S.D. W. Va. Sept. 23, 2020) (Johnston, J.) ("Quite simply, the forum defendant rule does not provide an additional basis for jurisdiction. Further, since complete diversity did not exist at the time of removal, this Court does not apply the forum defendant rule or the purported exception described by Defendants.").

[4] The court then went on to analyze fraudulent joinder, as it was the only way the corporate defendant could defeat the motion to remand. *Cook*, 2012 WL 407261, at *2–3.

The case here is exactly the same. For these reasons, and the reasoning in *Cook*, Plaintiff's Motion to Remand, **[ECF No. 8]**, is **GRANTED**.

**B. Attorneys' Fees and Costs**

Plaintiff also moves for attorneys' fees and costs related to the expenses of the Insurance Defendants' removal; Plaintiff's motion to remand; and related briefing. *See* [ECF No. 8]. The Insurance Defendants, of course, oppose it because they had "an objectively reasonable basis for removal." [ECF No. 10, at 8].

By statute, attorneys' fees and costs are authorized: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Attorneys' fees and costs are left to the discretion of the district court and analyzed under an "objectively reasonable" standard. *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005). Accordingly, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.*

But what was the Defendants' reason for removal? Begin with what it cannot be. It cannot be the existence of a federal question or policy appropriate for this court to exercise federal question jurisdiction. There is no federal claim in the Complaint. Nor can it be the amount-in-controversy, which the parties agree is far beyond the statutory requirement of over $75,000. The parties also do not dispute the actual citizenship of any party,[5] and as discussed, the Insurance Defendants do not suggest that Pettry has been fraudulently joined.

[5] The Complaint and Notice of Removal's erroneous assertion of Katoria's citizenship based on the corporation standard does not create an objectively reasonable basis to remove. *See* [ECF No. 1-1] (Complaint), [ECF No. 1] (Notice of Removal), [ECF No. 15] (Show Cause Order), [ECF No. 16] (Response to Show Cause Order). At all times in this case Defendants believed Katoria to be a West Virginia citizen, and because that defeats complete diversity, the use of the wrong standard is not objectively reasonable.

The failed service on the West Virginia defendant (Pettry), and reliance on the forum defendant rule, is the only possible reason Defendants removed this case.[6] As discussed earlier, judges of this district have already foreclosed use of that tactic. *Wilkinson v. ADT, LLC*, No. 2:24-cv-00215, 2024 WL 4268022, at *2 (S.D. W. Va. Sept. 23, 2024) (Copenhaver, J.). "It is well-established that the forum-defendant rule '"does not provide an additional basis for jurisdiction."'" *Id.* (quoting *Carter v. Acadia Healthcare Co.*, 705 F. Supp. 3d 597, 602 (S.D. W. Va. 2023) (Johnston, J.)). *See also Fleshman-Massey v. First-Citizens Bank & Tr. Co.*, No. 5:21-cv-00443, 2021 WL 4755988, at *2 (S.D. W. Va. Oct. 12, 2021) (Volk, J.); *Cook v. Bob Evans Farms, Inc.*, No. 2:11-cv-01017, 2012 WL 407261 (S.D. W. Va. Feb. 8, 2012) (Goodwin, J.).

Nor does Defendants' late-rising acquiescence to remand preclude an award of attorneys' fees. On August 21, 2026, the court ordered the Insurance Defendants to show cause why the case should not be remanded for lack of subject matter jurisdiction because neither the face of the Complaint nor the Notice of Removal properly alleged the citizenship of Katoria, an LLC.[7] [ECF No. 15]; *see also* [ECF No. 1]. Defendants responded, satisfying the court's concern about Katoria's citizenship, but also admitting that "they cannot, on the present record, carry their burden of establishing complete diversity of citizenship, and therefore agree and/or move to remand this case" to the state court. [ECF No. 16].

---

[6] Defendants' doomsday scenario—that a plaintiff could "nominally name diversity defeating defendants, but then not serve them, in an effort to prevent removal"—does not support an objectively reasonable position that removal was appropriate here. [ECF No. 10, at 6]. First, the suggestion is uncited and speculative. Second, Defendant Pettry, who again is identified in the Complaint as a West Virginia citizen, is more than a nominal party. [ECF No. 1-1, ¶¶ 4, 12, 14–17, 20–23, 25, 27, 58–62, 66–75]. Two counts are alleged against him, *id.* ¶¶ 58–62, 66–75, and his communications with the Plaintiff over the insurance policy are attached to the Complaint, *id.* at 27–28, 45–46, 48–49, 52, 65–67, 69–73, 75, 92–95, 97, 99–100. *But see Kahle v. Chesapeake Energy Corp.*, No. 5:11-cv-24, 2011 WL 2182112, at *4 (N.D. W. Va. June 3, 2011) (finding fraudulent joinder when a defendant was named in a complaint but no claims were asserted against him). Lastly, the inverse of Defendants' scenario is also true, that is, one non-resident defendant can defeat remand by removing a case in the time between a failed service of process and a successful one on a resident defendant.

[7] The citizenship issue is more fully discussed in *supra* n.1. The court is satisfied that Katoria's citizenship, as alleged, includes at least West Virginia.

The court appreciates Defendants' admission—the only legally correct response—but it comes too late. The court and Plaintiff Katoria have already spent time and resources on adjudication of the Motion to Remand, a motion the Defendants opposed. And even if Katoria's citizenship was not originally considered under the correct standard, *supra* n.1, Defendants have believed Katoria to be a citizen of West Virginia since removal. [ECF No. 16, at 2]. Defendants' admission does not supply an objectively reasonable basis for removal nor does it save them from an award of attorneys' fees.

This case appears to be one in an increasing number of cases where "snap removal" is deployed to "delay litigation, run up costs . . ., and waste everyone's time, the Court's included." *Rogers v. Tarbox*, 668 F. Supp. 3d 478, 485 (S.D. W. Va. 2023) (Johnston, J.).[8] Therefore, I find that Defendants had no objectively reasonable basis to remove this case.[9] An award of attorneys'

---

[8] Michael M. Gallagher, *Snap Removal and the Absurdity Doctrine*, 55 U. Mem. L. Rev. 915, 916–18 (2025) (suggesting that the absurdity doctrine could be used to end snap removal); Ryan H. Nelson, *Is Snap Removal Unconstitutional?*, 2024 Pepp. L. Rev. 71–72 (2024) (challenging the constitutionality of snap removal).

[9] In contrast, judges in this district have recognized a number of objectively reasonable reasons for removal that did not warrant attorneys' fees and costs. *See Tolley v. Monsanto Co.*, 591 F. Supp. 2d 837, 851–52 (S.D. W. Va. 2008) (the volume and complexity of parallel litigation where some cases were properly removed); *Carter v. Monsanto Co.*, 635 F. Supp. 2d 479, 499 (S.D. W. Va. 2009) (the complexity of the jurisdictional question); *Murray v. Murray*, No. 2:16-cv-09951, 2017 WL 1351407, at *6 (S.D. W. Va. Apr. 10, 2017) (Because the complaint contained twenty named defendants and other unknown ones, "diversity jurisdiction could not be realized until the interests of the various parties were deduced."); *County Commission of Fayette County, West Virginia v. Seminole West Virginia Mining Complex, LLC*, No. 2:19-cv-00113, 2019 WL 3323346, at *2 (S.D. W. Va. July 23, 2019) (defendants presented evidence of and reasonably supported an argument of fraudulent joinder); *Davis v. Murdock*, Nos. 2:10-cv-01332, 2:10-cv-01333, 2011 WL 588433, at *4 (S.D. W. Va. Feb. 9, 2011) ("defendants' arguments for removal based on [Fair Labor Standards Act] preemption . . ., while ultimately unpersuasive, provided the defendants with an objectively reasonable basis for seeking removal"); *Galbraith v. Construction Unlimited LLC*, No. 2:20-cv-00363, 2020 WL 7130510, at *1 (S.D. W. Va. Dec. 4, 2020) (plaintiffs' amended complaint added a diversity-destroying party, and the defendant did not oppose amendment or remand); *Lawson v. American General Assur. Co.*, 455 F. Supp. 2d 526, 531–32 (S.D. W. Va. 2006) (case presented an issue of first impression).

Judges in this district have awarded attorneys' fees and costs for a number of reasons as well. *Husk v. E.I. Du Pont De Nemours & Co.*, 842 F. Supp. 895, 898–99 (S.D. W. Va. 1994) ("A cursory examination of the applicable law would have revealed that the federal district court does not have jurisdiction over this case."); *Davis v. Rutherford*, No. 2:09-cv-00096, 2009 WL 2599328, at *5–6 (S.D. W. Va. Aug. 20, 2009) (removal was untimely); *IVS Group, Inc. v. Natural Blend Vegetable Dehydration, LLC*, No. 2:18-cv-01456, 2019 WL 267730, at *4 (S.D. W. Va. Jan. 18, 2019) (same); *Deluca v. Ocwen Loan Servicing, LLC*, No. 5:10-cv-00421, 2011 WL 805862, at *6–8 (S.D. W. Va. March 2, 2011) (Defendants "did not advise the Court of [the defective removal], seek to withdraw their removal, consent to a remand, file their own motion to remand, or submit an opposition or other response to the Plaintiffs' motion to remand."); *Fleshman-Massey v. First-Citizens Bank & Tr. Comp.*, No. 5:21-cv-00443, 2021 WL

fees and costs is appropriate. The motion, **[ECF No. 8]**, as it relates to attorneys' fees and costs is **GRANTED**.

## IV. CONCLUSION

Because there is no complete diversity between the parties, the case must be remanded. Plaintiff's Motion to Remand, [ECF No. 8], is **GRANTED**, and attorneys' fees and costs are **AWARDED**.

It is **ORDERED** that this action be **REMANDED** to the Circuit Court of Kanawha County, West Virginia. Plaintiff's counsel is **DIRECTED** to file an itemized affidavit of attorney's fees and costs related only to actions required to address remand. The affidavit shall be filed no later than **September 2, 2026**. Any response to the affidavit shall be filed no later than **September 7, 2026**, and any reply shall be filed no later than **September 9, 2026.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties. The Court further **DIRECTS** that a certified copy of this Memorandum Opinion and Order be sent to the Clerk of the Court for the Kanawha County, West Virginia Circuit Court.

ENTER: August 27, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

---

4755988, at *3 (S.D. W. Va. Oct. 12, 2021) ("Complete diversity is absent; removal was improper"; removing defendants relied on inapposite cases; and they only argued fraudulent joinder in "a last-minute effort" that "fell far short of clearing the exceptionally high bar imposed by the governing standard."); *Gibson v. Tinkey*, 822 F. Supp. 347, 349 (S.D. W. Va. 1993) ("the basis for the petition for removal was contrary to well-settled authority"); *Gabe v. Dolgencorp, LLC*, No. 5:17-cv-04380, 2018 WL 4212417, at *4 (S.D. W. Va. Sept. 4, 2018) (nothing in the complaint "suggest[ed] an amount in controversy satisfying the federal removal requirement"); *McDerment v. Synchrony Bank*, No. 2:24-cv-00508, 2024 WL 5096217, at *5 (S.D. W. Va. Dec. 12, 2024) (same).